IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KRISTY WILSON, DARREN MOORE, and KISHA ULYSSE, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>MICROS SYSTEMS INC.,<br><br>        Defendant. | **Civil Action No.**<br><br><br><br><br>**JURY DEMAND** |

## <u>COMPLAINT</u>

COME NOW the Plaintiffs Kristy Wilson ("Wilson"), Darren Moore ("Moore"), and Kisha Ulysse ("Ulysse") (collectively "Plaintiffs"), by and through undersigned counsel, and file this Complaint as follows:

### <u>NATURE OF THE ACTION</u>

1.  Plaintiffs bring this lawsuit against Micros Systems each on their own behalf, and on behalf of all those similarly situated who worked for Defendant Micros Systems Inc. ("Micros Systems" or "Defendant") as an Implementation Specialist, or any other position performing substantially similar job duties under a different job title (collectively an "Implementation Specialist") within the period beginning three years prior to the filing date of this Complaint through the date of judgment (the "Collective Period") who worked any hours over forty in one or more work weeks without receiving the overtime compensation required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (collectively the "Similarly Situated Employees"), for entry of judgment and to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act. Plaintiffs

file herewith as Attachment 1 their signed "Consents" to join this collective action under 29 U.S.C. § 216(b).

2.    Named Plaintiff Ulysse (the "California Named Plaintiff") also brings this action individually, collectively,  and on behalf of all persons who were employed by Micros Systems in any Implementation Specialist position in the State of California and/or performed work in any Implementation Specialist position for Micros Systems in the State of California, and who did not receive the overtime and premium wages required by the overtime pay and restitution laws of the State of California at any time during the four years prior to the date of the filing of this Complaint for hours worked covered by the overtime pay and restitution laws of the State of California (hereinafter the "California Class Period"), which class of persons is hereinafter referred to as the "California Class."[1] This claim is brought both under Fed. R. Civ. P. 23 and under the "notice and opt-in" procedures set forth in section 216(b) of the Fair Labor Standards Act, which permits the "notice and opt-in" procedure to be used to prosecute state law claims that are supplemental to Plaintiff's FLSA claims.

3.    Each of the following allegations pertains and applies to all Plaintiffs, the Similarly Situated Employees, and the California Class equally throughout all or a substantial part of the Collective Period and the California Class Period. For purposes of simplicity, collective reference to both the Similarly Situated Employees and the California Class are referred to as the proposed "Class" and the proposed respective Collective and California Class Periods are referred to as the "Relevant Time Periods."

---

[1] The statute of limitations under California law for restitution is four years. Accordingly, the California Class Period for Plaintiff and the California Class' restitution claim is the date four years preceding the filing date of this Complaint through judgment.

4.     Defendant willfully violated the FLSA, the California Labor Code and its IWC Wage Orders, by failing to pay Plaintiffs, the California Class, and the Similarly Situated Employees for all overtime hours worked at a rate of time and one-half the required regular rate—inclusive of all compensation not excludable from the regular rate calculation under applicable law—for all hours worked above 40 in a workweek, and failing to pay Plaintiffs, the Class, and the Similarly Situated Employees all overtime compensation owed on a timely basis. Plaintiffs, the California Class, and the Similarly Situated Employees are entitled to unpaid wages from Defendant for all hours worked above 40 in a workweek, and are also entitled to liquidated damages, pursuant to the FLSA for Plaintiffs and all Similarly Situated Employees who join this collective action, and pursuant to California law for the California Named Plaintiff and the California Class.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.     This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the claims of the California Named Plaintiff and the California Class for violations of California's laws, because their state law claims and the federal claims derive from a common nucleus of operative fact and form part of the same case or controversy.

7.     Upon information and belief, at least one member of the proposed California Class is a citizen of a state different from that of Defendant, and at least one member of the proposed California Class has claims which value in excess of $75,000, including damages, statutory damages and fees and costs.

8.     Plaintiff's claims involve matters of national or interstate interest.

9.  Defendant maintains an office in Nashville, Tennessee, within this judicial district, located at 618 Grassmere Park Drive, Suite 1, Nashville, TN 37211.

10.  Defendant is subject to personal jurisdiction in this judicial district.

11.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this District. Plaintiffs Wilson and Moore, and other Similarly Situated Employees and California Class members, labored for Defendant within this district and received wage payments from Defendant within this district.

12.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

13.  Under California Business & Professions Code § 17204, any person acting on his or her own behalf may bring an action in a court of competent jurisdiction. Thus, this Court has appropriate jurisdiction over the California Class claims.

## PARTIES

14.  Defendant is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 7031 Columbia Gateway Drive, Columbia, Maryland 21046-2289.

15.  Defendant develops, markets, and sells propriety enterprise software, services and solutions ("product") to, among others, the restaurant/bar industry (referred to by Defendant as the "POS" side of the business) and the hotel/property management industry (referred to by Defendant as the "PMS" side of the business).

16.  Among other duties, Implementation Specialists travel to/from and install and implement Defendant's product at the customer site.

17.     The Implementation Specialists have as their primary duty the onsite installation, implementation, and configuration of Defendant's product.

18.     Defendant represents to the public on its website, http://www.micros.com/AboutUs/CompanyProfile/Default.htm, the following information about the company:

> •   Over 6,400 employees, more than 45 wholly or majority-owned subsidiaries and branch offices in major markets, and 90 distributors in 50 countries.
> •   Global leader in the restaurant industry with more than 370,000 installations worldwide.
> •   Global leader in the hotel industry with over 30,000 installations worldwide.

19.     Defendant operates an enterprise engaged in commerce, and employs or employed Plaintiffs and other Implementation Specialists within the meaning of the FLSA and California's wage laws.  Defendant employs individuals in the State of Tennessee, maintains an office in this district, filed to transact business and maintained active foreign corporation status with the Tennessee Secretary of State's Office, and is and was engaged in business in the State of Tennessee so that the exercise of jurisdiction over it is proper.

20.     During the Relevant Time Periods, Defendant employed individuals who worked in the State of California, maintained one or more offices in the State of California, filed to transact business and maintained active foreign corporation status with the California Secretary of State's Office, and is and was engaged in business in the State of California so that the application of California's state wage laws to work performed in the State of California is proper.

21.     Defendant had annual gross revenues in excess of $500,000.00 during the Relevant Time Periods applicable to this Complaint.

22.     Plaintiff Wilson is an adult individual and a resident of Tennessee who worked for Defendant, and received wage payments from Defendant, as an Implementation Specialist in Mt. Juliet, Tennessee (Wilson County) within this judicial district from approximately March, 2009 through June, 2011.

23.     At various times during her employment, including but not limited to approximately December, 2009, Plaintiff Wilson worked over eight (8) hours in a day and over forty (40) hours in a work week on an installation project for Defendant in the State of California.

24.     Plaintiff Moore is an adult individual and a resident of Tennessee who worked for Defendant, and received wage payments from Defendant, as an Implementation Specialist in Nashville, Tennessee (Davidson County) within this judicial district from approximately November, 2012 to April, 2013.

25.     Plaintiff Ulysse is an adult individual who worked for Defendant as an Implementation Specialist from approximately February, 2009 to September, 2013.

26.     At various times during her employment, including but not limited to as recently as in 2013, Plaintiff Ulysse worked over eight (8) hours in a day and over forty (40) hours in a work week on installation projects for Defendant in the State of California.

## FACTS

27.     At all times during the Relevant Time Periods, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28.     At all times during the Relevant Time Periods, Defendant employed Plaintiffs, and Plaintiffs met the definition of an "employee," within the meaning of the FLSA.

29.     At all times during the Relevant Time Periods, Defendant has had annual gross revenues exceeding $500,000.

30.     At all times during the Relevant Time Periods, and, upon information and belief as to the California Class and the Similarly Situated Employees continuing until today, Defendant suffered or permitted Plaintiffs, the California Class, and the Similarly Situated Employees to work in excess of 40 hours per workweek during the Relevant Time Periods without receiving the legally required amount of overtime wages from Defendant for all overtime hours worked by them as required by the FLSA (for Plaintiffs and the Similarly Situated Employees)

31.     Defendant uniformly misclassified Plaintiffs, the California Class, and the Similarly Situated Employees as exempt from the maximum hour and overtime payment requirements under applicable federal and state laws.  Defendant knew and should have known that Plaintiffs, the California Class, and the Similarly Situated Employees did not satisfy the requirements for application of any bona fide exemption from the maximum hour and overtime payment requirements under applicable federal and state laws.  Defendant's misclassification was willful.

32.     Defendant suffered or permitted Plaintiffs, the California Class, and the Similarly Situated Employees to work hours requiring overtime and other premium compensation under the FLSA and applicable state law, without paying Plaintiffs, the California Class, and the Similarly Situated Employees the overtime and other premium compensation required by the FLSA and applicable state law.

33.     During the Relevant Time Periods, Defendant paid Plaintiffs, the California Class, and the Similarly Situated Employees, and upon information and belief as to the California Class

and the Similarly Situated Employees continues to pay the California Class and the Similarly Situated Employees, company-wide under the same centralized and uniformly applied compensation structure, in accordance with the centralized compensation and benefit terms established by Defendant's corporate office during the relevant period.

34.     During the Relevant Time Periods, in addition to their regular weekly pay (referred to by Defendant as a "salary"), Plaintiffs, the California Class, and the Similarly Situated Employees were eligible to receive, and many did in fact receive, bonuses which caused their weekly pay amounts to vary based on whether a bonus was paid for that week and/or the amount thereof.

35.     During the Relevant Time Periods, in addition to their regular weekly pay (referred to by Defendant as a "salary"), Plaintiffs, the California Class, and the Similarly Situated Employees were at all times eligible to receive from Defendant, and many did in fact receive, bonuses which caused their weekly pay amounts to vary based on whether a bonus was paid for that week and/or the amount thereof.

36.     By way of non-exhaustive examples, Defendant paid Plaintiff Wilson a bonus of approximately $1500 during her employment as an Implementation Specialist, and Defendant paid Plaintiff Ulysse one or two bonuses of approximately $250 each during her employment as an Implementation Specialist.

37.     During the Relevant Time Periods, in addition to their regular weekly pay (referred to by Defendant as a "salary"), Plaintiffs, the California Class, and the Similarly Situated Employees were at all times eligible to receive from Defendant, and many did in fact receive, "compensatory time" lump sum leave with pay as additional compensation and benefits for certain hours worked.

38.     By way of non-exhaustive examples, Defendant awarded Plaintiff Moore lump sum hours of paid "compensatory time" leave during his employment as an Implementation Specialist.

39.     All actions and omissions described in this Complaint were made by Defendant directly or through its supervisory employees and agents.

## CLASS ACTION ALLEGATIONS

40.     The California Named Plaintiff sues on her own behalf and on behalf of the California Class as defined above, pursuant to FED. R. CIV. P. 23(a), (b)(2) and (b)(3).

41.     The California Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Upon information and belief, there are at least 40 members of the California Class.

42.     There are questions of law and fact common to the members of the California Class that predominate over any questions solely affecting the individual members of the California Class, including, without limitation:

a.     Whether Defendant employed the California Named Plaintiff and the California Class within the meaning of the California Labor Code;

b.     Whether Defendant failed to pay the California Named Plaintiff and the California Class the legally required amount of overtime compensation and other premium payments for hours worked, and consequently all wages due to them, in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4;

c.      Whether Defendant willfully misclassified the California Named Plaintiff and the California Class as exempt from the overtime requirements of applicable state law;

d.      Whether Defendant owes the California Named Plaintiff and the California Class restitution for its unlawful policies;

e.      Whether Defendant is liable for all damages claimed by the California Named Plaintiff and the California Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

f.      Whether Defendant should be enjoined from continuing to violate the California Labor Code in the future.

43.      The California Named Plaintiff's claims are typical of the claims of the members of the Class. The California Named Plaintiff has the same interests in this matter as all other members of the California Class.

44.      The California Named Plaintiff is an adequate class representative, is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

45.      Class certification of the California Named Plaintiff's California state law claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the California Class, making appropriate both declaratory and injunctive relief with respect to the California Class as a whole. The members of the California Class are entitled to injunctive relief to end Defendant's common and uniform illegal policy of misclassifying the California Class as exempt and denying them the wages to which they are entitled.

46.     Class certification of the California Named Plaintiff's California state law claims is also appropriate pursuant to FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the California Class predominate over questions affecting only individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

47.     The California Named Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT ONE:

## FAIR LABOR STANDARDS ACT

## 29 U.S.C. § 201 *et seq.*

### (ON BEHALF OF PLAINTIFFS AND THE SIMILARLY SITUATED EMPLOYEES)

48.     All previous paragraphs are incorporated as though fully set forth herein.

49.     As alleged above, Plaintiffs bring this action each both individually, and as a collective action under 29 U.S.C. § 216(b) on behalf of the Similarly Situated Employees.

50.     Plaintiffs performed the same or similar job duties as the other Similarly Situated Employees during the Relevant Time Periods.

51.     At all relevant times, Defendant had a uniform policy of willfully classifying Plaintiffs and the Similarly Situated Employees as exempt and thereby failing to pay them the legally required amount of overtime compensation for all hours worked in excess of forty hours per workweek under the FLSA on a timely basis in violation of the FLSA.

52.     On numerous occasions during the relevant period, Defendant suffered or permitted Plaintiffs and the Similarly Situated Employees to work more than 40 hours in a work

week without receiving overtime compensation at time-and-a-half their properly calculated regular rate for hours worked over 40 under the FLSA -- i.e., their regular rate inclusive of their base rate for non-overtime hours and all other compensation (including bonuses) not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

53. As a result of Defendant's willful failure to compensate Plaintiffs and the Similarly Situated Employees at a rate not less than one and one-half times the required regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

54. Upon information and belief, Defendant has failed to make, keep and preserve records with respect to Plaintiffs and the Similarly Situated Employees sufficient to determine their wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

55. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a). Due to Defendant's FLSA violations, Plaintiffs and the Similarly Situated Employees are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all of the hours worked by them in excess of forty in a workweek, including actual and liquidated damages, prejudgment interest, the Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action.

## COUNT TWO:

## CALIFORNIA STATE LABOR CODE – FAILURE TO PAY OVERTIME

## Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194

## (ON BEHALF OF THE CALIFORNIA NAMED PLAINTIFF AND THE CALIFORNIA CLASS)

56.  All previous paragraphs are incorporated as though fully set forth herein.

57.  At all times relevant to this action, the California Named Plaintiff and the California Class were employed by Defendants within the meaning of the California Labor Code and performed work for Defendant during one or more work weeks that was covered by the California Labor Code, including but not limited to performing installations and implementations at customer sites within the State of California.

58.  The California Labor Code requires employers, such as Defendant, to pay overtime compensation to all non-exempt employees.

59.  The California Named Plaintiff and the California Class were non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

60.  During the relevant statutory period, the California Named Plaintiff and the California Class worked in excess of eight hours in a work day and/or forty hours in a work week for Defendant.

61.  During the relevant statutory period, Defendant failed and refused to pay the California Named Plaintiff and the California Class proper overtime compensation for overtime hours worked.

62.  Defendant had a policy and practice of failing and refusing to pay proper overtime pay to the California Named Plaintiff and the California Class for their hours worked.

63.  By the course of conduct set forth above, Defendant violated Cal. Labor Code §§ 510, 1194, and applicable IWC Wage Order (for the California Named Plaintiff and the California Class). Defendant's violation of these laws was willful. The California Named Plaintiff and the

California Class members who did not receive the overtime wages referenced in this paragraph within the Relevant Time Period for work covered by applicable California law shall constitute the "California Overtime Subclass."

64.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Named Plaintiff and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, prejudgment interest, and attorneys' fees and costs.

## COUNT THREE:

## CALIFORNIA WAGE PAYMENT PROVISIONS OF LABOR CODE

## Cal. Labor Code §§ 201, 202 & 203

**(ON BEHALF OF THE CALIFORNIA NAMED PLAINTIFF AND THE CALIFORNIA CLASS)**

65.    All previous paragraphs are incorporated as though fully set forth herein.

66.    California Labor Code §§ 201 and 202 require Defendant to pay employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

67.    At all times during the Relevant Time Periods, and, upon information and belief as to the California Class continuing until today, the California Named Plaintiff and the California Class who were terminated or separated from their employment from Defendant during the

Relevant Time Periods were not timely paid all wages due as required by Labor Code § 203. Defendant's violation of this law was willful. The California Named Plaintiff and the California Class members who did not receive these wages due referenced in this paragraph within the Relevant Time Period for work covered by applicable California law shall constitute the "California Separation Wages Subclass."

68. As a consequence of Defendant's willful conduct in not paying proper compensation for all hours worked, the California Named Plaintiff and the California Class are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

## COUNT FOUR:

## CALIFORNIA WAGE STATEMENT PROVISIONS OF LABOR CODE

## Cal. Wage Order No. 4; Cal. Labor Code § 226

**(ON BEHALF OF THE CALIFORNIA NAMED PLAINTIFF AND THE CALIFORNIA CLASS)**

69. All previous paragraphs are incorporated as though fully set forth herein.

70. Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to the California Named Plaintiff and the California Class in accordance with Labor Code § 226(a) and the IWC Wage Orders. Such failure caused injury to the California Named Plaintiff and the California Class, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled. The California Named Plaintiff and the California Class members who did not receive the

accurate itemized wage statements referenced in this paragraph within the Relevant Time Period

for work covered by applicable California law shall constitute the "California Wage Statement

Subclass."

**COUNT FIVE:**

**CALIFORNIA REST BREAK AND MEAL PERIOD PROVISIONS**

**Cal. Wage Order No. 4; Cal. Labor Code §§ 226** *et seq.***, 512,**

**(ON BEHALF OF THE CALIFORNIA NAMED PLAINTIFF AND THE CALIFORNIA**

**CLASS)**

71.     All previous paragraphs are incorporated as though fully set forth herein.

72.     California Labor Code section 512 prohibits an employer from employing an

employee for a work period of more than five hours per day without providing the employee

with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per

day without providing the employee with a second meal period of not less than 30 minutes.

73.     Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in

relevant part that:

> No employer shall employ any person for a work period of more than five
> (5) hours without a meal period of not less than 30 minutes, except that
> when a work period of not more than six (6) hours will complete the day's
> work the meal period may be waived by mutual consent of the employer
> and employee. Unless the employee is relieved of all duty during a 30
> minute meal period, the meal period shall be considered an "on duty" meal
> period and counted as time worked. An "on duty" meal period shall be

permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

74. Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

75. California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of

compensation for each work day that the employer does not provide a compliant meal or rest period.

76. Defendant willfully failed to provide the California Named Plaintiff and the California Class with meal periods as required by law, and willfully failed to authorize and permit the California Named Plaintiff and the California Class to take rest periods as required by law. The California Named Plaintiff and the California Class are therefore entitled to payment of the meal and rest period premiums as provided by law. The California Named Plaintiff and the California Class members who did not receive the rest breaks and premium wages referenced in this paragraph within the Relevant Time Period for work covered by applicable California law shall constitute the "California Rest Break Subclass." The California Named Plaintiff and the California Class members who did not receive the meal breaks and premium wages referenced in this paragraph within the Relevant Time Period for work covered by applicable California law shall constitute the "California Meal Break Subclass."

<u>COUNT SIX:</u>

**CALIFORNIA UNFAIR COMPETITION LAW**

**Cal. Bus. & Prof. Code §§ 17200 _et seq._**

**(ON BEHALF OF THE CALIFORNIA NAMED PLAINTIFF AND THE CALIFORNIA CLASS)**

77. All previous paragraphs are incorporated as though fully set forth herein.

78. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 _et seq._ of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, _inter alia_, any unlawful or unfair business acts or practices.

79. Beginning at a date unknown to the California Named Plaintiff, but at least as long ago as the year 2009, Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's

conduct as herein alleged has injured the California Named Plaintiff and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to the California Named Plaintiff and the California Class.

80. Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

> A. Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*
>
> B. California Labor Code §§ 510 & 1194
>
> C. California Labor Code §§ 226.7 & 512

81. Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

82. The harm to the California Named Plaintiff and the California Class in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendant's policies or practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

83. Pursuant to Business and Professions Code § 17200 *et seq.*, the California Named Plaintiff and the California Class are entitled to restitution of the overtime earnings and other unpaid wages alleged herein that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendant to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## **PRAYER FOR RELIEF**

84.    WHEREFORE, Plaintiffs, on behalf of themselves and all members of the FLSA Collective, pray for relief as follows:

    A.   Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

    B.   Judgment against Defendant for an amount equal to Plaintiff and the FLSA Collective's unpaid overtime wages at the applicable rates;

    C.   A finding that Defendant's conduct was willful

    D.   An equal amount to the overtime wages as liquidated damages;

    E.   All costs and attorney' fees incurred prosecuting these claims, including expert fees;

    F.   Pre-judgment and post-judgment interest, as provided by law;

    G.   Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

    H.   Such further relief as the Court deems just and equitable.

85.    WHEREFORE, the California Named Plaintiff and the California Class pray for relief as follows:

    A.    Unpaid overtime wages, other due wages, injunctive relief, and unpaid meal and rest premiums pursuant to California law;

    B.    Appropriate equitable relief to remedy Defendants' violations of state law;

    C.    Appropriate statutory penalties;

    D.    An award of damages and restitution to be paid by Defendant according to

proof;

E.      Attorneys' fees and costs of suit, including expert fees pursuant to Cal.

Labor §§ 1194, and California Code of Civil Procedure § 1021.5;

F.      Pre-judgment and post-judgment interest, as provided by law; and

G.     Such other equitable relief as the Court may deem just and proper.

H.

## DEMAND FOR JURY TRIAL

86.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

Respectfully submitted this 22nd day of November, 2013,

Respectfully submitted,

**GILBERT RUSSELL McWHERTER PLC**

/s/ Michael L. Russell
MICHAEL L. RUSSELL #20268
5409 Maryland Way, Suite 150
Brentwood, Tennessee 37027
Telephone: (615) 354-1144
Email: mrussell@gilbertfirm.com

/s/ C. Andrew Head
C. Andrew Head
Georgia Bar No. 341472 (application for *pro hac vice* to be filed)
FRIED & BONDER, LLC
White Provision, Suite 305
1170 Howell Mill Road, N.W.
Atlanta, Georgia 30318
Telephone: (404) 995-8808
Facsimile: (404) 995-8899
Email: ahead@friedbonder.com

*Attorneys for Plaintiff*